## CIRCUIT COURT OF FREDERICK COUNTY

Richard Irwin Hutt

v.

Lane Stephanie Whitfield Hutt

July 29, 1989

Case No. (Chancery) 87-1

By JUDGE ROBERT K. WOLTZ

This letter is written as a result of a communication of March 28, from the Honorable Eileen R. Petersen, Judge of the Territorial Court of the Virgin Islands, Division of St. Croix. That letter gave notice that there is pending in that court a petition by the defendant to assume permanent jurisdiction over custody and visitation for the minor child of the parties and was written pursuant to the Uniform Child Custody Jurisdiction Act. This communication gave opinion that court would have jurisdiction under the Act and would assume permanent jurisdiction should this court decline to continue to retain jurisdiction, obtained as a result of the suit being earlier instituted in it, and to dismiss the proceedings.

The present issue then is whether this court should decline to exercise further jurisdiction of this long-pending suit pursuant to the Act, Code § 20-125 *et seq.* As stated to counsel at the last Motion Day, July 12, the court has determined not to relinquish jurisdiction. This determination has been reached after a rather full review of the record and a close examination of the pertinent provisions of the UCCJA.

This case was commenced by the father January 2, 1987. It has been proceeding ever since with glacial slowness and a consequent grinding of the parties, their

finances, and this court. Not entirely, but in very large measure, this has been due to an adamant and obstructive attitude of the mother who appears to be obsessively opposed to any rights of visitation by the father with their child. She was fined for contempt a considerable time ago for her failure to take the child on two occasions for interview and examination by a child psychiatrist. More recently, she was fined for contempt in the amount of one thousand dollars and sentenced to ten days in jail for failure to abide by visitation decree previously made, one half the fine and all the jail sentence being suspended for one year conditioned on her compliance with the decree of the court in that respect. This is also her second attempt, once in Maryland, where she moved on the marital separation, and now in the Virgin Islands, to have a foreign court assume jurisdiction of the matters in dispute.

In addition some of her testimony in support of her petition before the Virgin Islands court is incorrect, misleading, or less than the whole truth. Without reviewing these, examples of them appear in the Transcript of that hearing at pages 32, 41, 43 and 52. She failed to state that the reason the father had not been able to contact the child after the separation was that she herself prevented it, even going to the extent of keeping from him her address and telephone number and denying any visitation to the paternal grandparents. The father's failure to pay his portion of medical bills was due in large measure to her failure to submit appropriate documentation concerning them and since supply of that documentation a decree has been rendered to settle the issue. It is incorrect that this court awarded her temporary custody with the knowledge that she was moving to the Virgin Islands, such award being granted many months before that was known to the court. In addition, this court never consented to her moving there, it merely did not forbid it feeling that she had a right to change her residence if she desired. She testified that she had honored all visitation rights but neglected to mention she was found in contempt as mentioned above for failure to do so. The hearing at which the psychiatrist Pines testified was an extremely important hearing and the court's firm recollection is that the defendant was present, she having been present at virtually

all if not all evidentiary hearings prior to her leaving for the Virgin Islands.

Not only has the defendant been obstructive, but she has also been duplicitous. Representations were made that her removal to the Virgin Islands was for marriage, a divorce decree previously being entered, and with indications she would have employment. She moved there nine or ten months ago and no marriage has taken place and apparently only recently has she obtained employment. The court is especially concerned by the fact that on March 6, 1989, in response to a motion for visitation rights this defendant filed an answer specifically suggesting a visitation schedule for the father of four days in March, 1989, ten days in July-August, and thirteen days in December, 1989-January, 1990. Within one week of that time she had both filed petition and testified in support thereof to have a court there assume jurisdiction over the matters of custody and visitation.

Removal of the custodial mother to the Virgin Islands obviously complicates the matter of visitation. The parties were married in 1977. The child was born December, 1983, and the separation occurred July, 1986, when he was approximately two and one half years old. The mother seems to have an obsessive belief that the father had sexually abused the child, a charge easily made and one difficult to defend against. In her behalf, admittedly some of his actions, not controverted, relative to the child were at the least bizarre. As a result of not letting the father know where she or the child was and her accusations necessitating deliberate and careful proceedings by the court involving reports and testimony by two child psychiatrists and much other testimony, the father and his parents were denied opportunity to see him for better than a year and a half. During these deliberate proceedings, the court has been and is endeavoring gradually to fashion a re-establishment of the relationship of the father with the child, bearing in mind both the rights of the father and the protection of the interests of the child. This has included additional hearings and a more recent report from one of the psychiatrists all with a view of determining whether less restricted or more extensive visitation might be appropriate. The removal of the child to the Virgin

Islands has itself been a partial frustration of these efforts.

Bearing in mind that the best interests of the child are paramount, the determination made at this time is made by the court not on the basis of pique, dissatisfaction with the actions of the mother, or as punishment visited upon her. Decision is based on the vast array of factual matter before the court, its hearing ore tenus of the parties, their experts (including a third psychiatrist), and other witnesses, all considered in light of the UCCJA. Under § 20-126(A)(1)(ii) Virginia was the home state of the child when this Virginia proceeding was commenced, being within six months of his removal by one claiming his custody and one of his parents remaining in this State. Though technically this might be sufficient to assert continuing jurisdiction, it would not necessarily be so in all instances. Competency of this court to exercise jurisdiction to make a child custody determination is more strongly supported with the application of subsection (A)(2) which states:

> It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one of the contestants have a significant connection with this State, and (ii) *there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships.* (Emphasis added)

Virtually all factors point to jurisdiction of this court under that provision. While the child is not physically present in Virginia, § 20-126(C) provides that "Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody," and as stated in *Middleton v. Middleton*, 227 Va. 82, 97 (1984), "Under the UCCJA, physical presence of the child as a jurisdictional basis in all but the most extreme cases has been eliminated."

Additionally, this court is concerned that the mother has retained a therapist in an effort to further her claim of sexual abuse and satisfy her obsession therewith. At

this juncture and from this distance with the limited knowledge, this court has and based on the most recent report of Psychiatrist Pines, the Virgin Islands action has the appearance of furthering her aims at the expense of this five and one half year old child by dredging up and fanning into flames the coals of incidents that occurred when he was barely two and one half years old, regrettably to his injury nurturing and keeping them fresh and alive in his mind.

For the foregoing reasons, this court vis-a-vis the Territorial Court of the Virgin Islands, respectfully declares its disinclination to discontinue retention of jurisdiction or to dismiss this proceeding.